### 10835.   GILL, executor, *v.* ATLANTA, BIRMINGHAM & ATLANTIC RAILWAY CO.

1. "It is well settled that the rule that an undisclosed principal shall stand liable for the contract of his agent has no application to a contract under seal."

2. To recover the penalty for failure of a railroad company to build and maintain good and sufficient cattle-guards as provided for in the Civil Code (1910), §§ 2699, 2700, the plaintiff's petition must allege such facts as bring it within the provisions of this law.

3. The court properly sustained the demurrers of the plaintiff's petition as amended and dismissed it.

DECIDED MARCH 2, 1920.

\

Action for damages; from Taylor superior court—Judge Howard. May 20, 1919.

*R. L. Berner, R. L. Williamson,* for plaintiff.

*Brandon & Hynds, H. P. Wallace, Hatton Lovejoy,* for defendant.

BLOODWORTH, J.   Gill brought suit against the Atlanta, Birmingham & Atlantic Railway Company for damages.   After his death his wife, Mrs. Francis Gill, as executrix, was made a party in his stead.   The original petition as amended was in substance as follows:   Petitioner is the owner of a certain tract of cultivatable land in the 12th militia district of Taylor county, through which tract the line of railway of defendant runs.   Said tract of land was valuable for purposes of cultivation and for rental, and the value for both purposes was destroyed by the breach of the contract set out herein.   There is no stock law in force in said district, and cattle are "allowed to run wild" therein.   The lands of petitioner were fenced, "said fence running entirely around the lands and up to the right of way of the defendant on each side of the track."   In 1905 the petitioner entered into a contract with the defendant, the terms of which are substantially as follows: that in consideration of $75 the Title Guaranty & Trust Company, of Atlanta, Ga., agrees to put up and maintain in good order for the said Gill such stock-gaps and road-crossings as may be necessary for said Gill to go to his farm and use for other purposes, and to keep the said crossings and stock-gaps in good repair for practical use, and put them where it will suit the convenience of the said Gill.   It is alleged that the said Title Guaranty & Trust Company was the agent of the defendant to procure the right of way for the construction of its road-bed, and was really and in law making the contract for the defendant.   The defendant did erect three cattle-guards in separate places, and these remained in good condition until the year 1913, when one of them was destroyed by a wreck on the defendant's railroad.   Instead of erecting a proper cattle-guard or replacing one similar to the one destroyed, the defendant erected one that would not keep out the cattle or hogs, and which was finally abandoned altogether, "thus leaving said land open for the stock of every kind to enter thereon, and by such conduct rendered said lands utterly valueless for culti-

vation or rent." During the year 1913 the petitioner rented said land to one George Pyron, and was to receive three bales of cotton "of the value on an average of $50 per bale." He furnished said tenant money and supplies for making the crop, to the amount of $444.50. His tenant was insolvent and was dependent upon his labor in planting and raising said crops on said land to pay petitioner, who "relied upon his lien as a landlord for the payment of his rent, and upon his landlord's lien for supplies and necessaries; and the failure of the defendant to maintain safe cattle-guards caused the destruction of the crops, to the plaintiff's loss of the amount of his rent and his bill for supplies. Petitioner has been unable to rent said land or to grow a crop thereon during any of the years since 1913, although he made repeated efforts to do so; and this was due to the absence of the cattle-guards, as no one would rent said lands in their absence. During the years 1914, 1915, and 1916 his tenant houses were unoccupied, and said houses and outhouses have depreciated in value, to his loss $50 annually. After the destruction of the stock-gap it was the duty of the defendant to replace the same "without further notice, and, because of its failure to do so, this defendant is indebted to your petitioner in the sum of $25 per day for each day the same remained unerected, as is provided by law, as the proper and just amount to be recovered in this action." The plaintiff offered, as an additional amendment to his original petition, another petition, in the form of a second count, which was practically the same as the original petition, except that the second count alleged that "by the breach of said contract as herein set forth, the said land has been depreciated in value $2000.00, for which he prays judgment in addition to the special damages." This count was stricken, on objections filed by the defendant.

Demurrers to the original petition and to the petition as amended were filed, and were in substance as follows: That the petition fails to set forth a cause of action; that the plaintiff cannot recover for the years that the petition shows that the lands were rented, for the reason that the cause of action, if any, would be in favor of the tenant; that the items of damage set forth in the petition would not be the correct measure of damage; that the allegations as to a contract obligation should be stricken, "for the reason that the contract attached to the petition and the ex-

tract therefrom set forth in the petition show that this defendant is in nowise liable upon said contract, not being a party thereto;" that the plaintiff should not recover "for the reason that the petition fails to show that the petitioner has done anyhing whatever to lessen the amount of the damages complained of or in anywise guard against the same;" that the alleged damage because of loss of rent and advances made to the tenant is too remote and speculative, "because the plaintiff is not entitled to recover in law for such damages even though there was a breach of contract as alleged;" that the alleged damages are "too speculative and remote, and are not the proximate result of the alleged breach of contract;" that the allegations in the petition in reference to the recovery of $25 per day for each day the cattle-guards remained unerected should be stricken, "because under the allegations of the petition this is not the legal measure of damages and cannot be recovered for the breach of contract alleged in the petition;" that the petition "is indefinite, duplicitous, and uncertain, and it cannot be ascertained therefrom what damages plaintiff is claiming or what plaintiff claims is the measure of damages," and that the petition does not allege "what would have been the cost to plaintiff to execute the contract or to build the stock-gap, or to build a fence in lieu of said stock-gap, or to build any other structure to protect his land in the place of said gap." The demurrer was sustained, and plaintiff's petition as amended was dismissed.

There is no reversible error in any of the rulings on the pleadings. Should it be conceded that the court erred in refusing to allow the amendment in the nature and form of a second count," this could not have been harmful to the plaintiff; for, under the rulings hereinafter announced, this proposed second count was afflicted with the same infirmity as the first, and was subject to the demurrer filed. From the view we take of this case, it would be useless to discuss each of the grounds of demurrer, as the two following propositions are controlling.

1.  The contract attached to the petition, and on which plaintiff bases his alleged rights to recover, is between the plaintiff and the Title Guarantee and Trust Company. The defendant in this case is not mentioned therein,—is a stranger to the contract. It is true that the deed or contract refers to the Atlanta, Birmingham & Atlantic Railroad, but there is no mention of the Atlanta, Birm-

ing ham and Atlantic Railway Company. The deed or contract in question is under seal, and plaintiff expressly alleges in his petition that he made the contract with the Title Guarantee and Trust Company. It is sought to hold the defendant liable under the allegation that "Said Title Guarantee and Trust Company was the agent of the defendant to procure the right of way for the construction of its road-bed, and that said corporation was formed for said purpose, and in making said contract with the plaintiff, whereby it acquires the title to that portion of his land, was really and in law making a contract for the defendant." This contention is without merit. "The rule that an undisclosed principal shall stand liable for the contract of his agent does not apply when the contract is under seal. Accordingly, a lease under seal, executed by an agent as lessee in his individual name, and which does not purport to be executed on behalf of the principal, is not binding upon the latter, although it appears from extrinsic evidence that the lessee was the general agent to conduct a business for his principal, and that the premises were leased to be used in such business." *Lenney* v. *Finley,* 118 *Ga.* 718 (2), 720 (2) (45 S. E. 593), and cit. In *VanDyke* v. *VanDyke,* 123 *Ga.* 688 (51 S. E. 582, 3 Ann. Cas. 978), the Supreme Court was asked to review and reverse the ruling in the *Lenney* case, supra, and declined to do so. Applying to the case under consideration the principle ₐabove announced, it is clear that under the contract in question a suit will not lie against the Atlanta, Birmingham & Atlantic Railway Company.

2. The petition alleges "that the said defendant erected said stock-gap in the first instance, as it was its duty to do, and after destruction of said stock-gap it became its duty to repair the same and erect the same, and erect the same again where it became necessary, without further notice, and that because of its failure so to do, this defendant is indebted to your petitioner in the sum of twenty-five dollars per day for each day the same remained unerected as is provided by law, as the proper and just amount to be recovered in this action, for which amount also this petitioner asks verdict and judgment." Treating these allegations as an endeavor to recover the penalty provided for in paragraphs 2699 and 2700 of the Civil Code of 1910, there is no endeavor to set up in the petition a compliance with these statutory provisions;

and before the plaintiff can recover under them, he must allege such facts as will bring his petition within the provisions of this law. This he utterly failed to do.

*Judgment affirmed. Broyles, C. J., and Luke J., concur.*